## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

HESS CORPORATION,

    Plaintiff,

       v.

BURSTNET TECHNOLOGIES, LLC,

    Defendant.

CIVIL ACTION NO. 3:12-cv-939

(JUDGE CAPUTO)

## MEMORANDUM

Presently before the Court is a Complaint filed by Plaintiff Hess Corporation. (Doc. 1.) Because the Complaint fails to establish that this Court has subject matter jurisdiction over the action, it will be dismissed unless Plaintiff can show that diversity jurisdiction is proper.

### I. Background

Plaintiff brings this action alleging diversity jurisdiction pursuant to 28 U.S.C. § 1332. (*Id*. ¶ 3.)  Plaintiff Hess Corporation is alleged to be "a Delaware corporation with its principal place of business located at 1185 Avenue of the Americas, New York, N.Y." (*Id*. ¶¶ 1, 3.) Defendant Burstnet Technologies, LLC is averred to be "a limited liability company with its principal place of business located at 442 Prescott Avenue, Scranton, Pennsylvania 18510." (Id. ¶ 2.)  Later in the Complaint, Burstnet is alleged to be a "Pennsylvania corporation with its principal place of business located at 422 Prescott Avenue, Scranton, Pennsylvania 18510." (*Id*. ¶ 3.)

### II. Analysis

Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte.   Meritcare Inc. v. St. Paul Mercury Ins. Co.,* 166 F.3d 214, 217 (3d Cir. 1999).

Section 1332(a)(1) gives district courts original jurisdiction to hear cases where the matter in controversy exceeds the value of seventy-five thousand dollars ($75,000) and is between citizens of different states.  In order for such jurisdiction to exist, there must be complete diversity, meaning that each defendant must be a citizen of a different state from each plaintiff.  *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).  Of course, "[t]he person asserting jurisdiction bears the burden of showing that the case is properly before the court at all stages of the litigation."  *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993).

"It is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived."  *Thomas v. Bd. of Trs.*, 195 U.S. 207, 211 (1904).  Moreover, "[w]hen the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits."  *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977); *see also* Fed. R. Civ. P. 12(h)(3).

In this matter, Plaintiff's Complaint fails to demonstrate the requirements of federal subject matter jurisdiction because it insufficiently alleges the citizenship of the Limited Liability Company.  The Complaint alleges that Burstnet Technologies, LLC is "a limited liability company with its principal place of business located at 422 Prescott Avenue, Scranton, Pennsylvania." (Doc. 1, ¶ 2.)  This is the sort of pleading which would be

2

appropriate for alleging the citizenship of a corporate defendant.  *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business.").  However, LLC denotes not a corporation, but a limited liability company, and "the citizenship of an LLC is determined by the citizenship of its members."  *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010); *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990) (quoting *Chapman v. Barney*, 129 U.S. 677, 682 (1889)) (affirming the "oft-repeated rule that diversity jurisdiction in a suit by or against [an artificial] entity depends on the citizenship of 'all the members'"); *see also* 1 Fed. Proc., L. Ed. § 1:176 (2011) (acknowledging that a "limited liability company is a citizen, for purposes of diversity jurisdiction, of each state where its members are citizens.").

Here, the Complaint fails to allege facts regarding the citizenship of the members of Burstnet Technologies, LLC.  As such, the Court cannot determine that diversity jurisdiction applies to this entity.

### III. Conclusion

As Plaintiff has not shown that complete diversity of citizenship exists between the parties, the Court cannot determine that subject matter jurisdiction exists and the matter is subject to dismissal pursuant to Federal Rules of Civil Procedure Rule 12(h)(3).  However, pursuant to 28 U.S.C. § 1653, Plaintiff will be permitted the opportunity to demonstrate that diversity-of-citizenship jurisdiction exists, thereby saving their Complaint.  *See USX Corp. v. Adriatic Ins. Co.*, 345 F.3d 190, 204 (3d Cir. 2003) (noting that Section 1653 gives district courts "the power to remedy inadequate jurisdictional allegations, but not defective

jurisdictional facts.").   As such, Plaintiff will be given twenty-one (21) days in which to file an amended complaint.   Failure to do so will result in the dismissal of this action.   An appropriate order follows.


 May 22, 2012                                                    /s/ A. Richard Caputo
Date                                                             A. Richard Caputo
                                                                 United States District Judge

4